**Decided January 15, 1981**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

SOUTH SEAS CORPORATION,     )    DCA NO. 80-9006

   Plaintiff-Appellee-Appellant,   )    (CTC Civil Action No. 68-79)

         vs.               )    DECISION AND ORDER

VICENTE S. SABLAN,          )

   Defendant-Appellant-Appellee.  )

## DECISION AND ORDER

Defendant-appellant-appellee's motion to dismiss appeal of plaintiff-appellee-appellant.was heard by the Court on January 8, 1981. Defendant bases his motion under Rule 4(a) of the Rules of Appellate Procedure of the District Court for the Northern Mariana Islands which provides in part as follows:

> An appeal to review a final judgment
> of the Commonwealth Trial Court shall be
> filed within thirty (30) days after the...
> service of the judgment in a civil case.
> If a timely notice of appeal is filed by
> a party, any other party may file a notice
> of appeal within 14 days of the date on
> which the first notice of appeal was filed.
> (emphasis added)

Defendant contends that plaintiff's notice was filed after the 14th day and therefore, its appeal should be dismissed.

Rule 4(b) suspends the running of the time found in Rule 4(a) when a timely motion for a new trial is filed by a party. The trial court entered judgment in this case on March 20, 1980. Defendant filed his motion for a new trial on March 25, 1980 and was denied on April 22, 1980. Defendant filed his notice of appeal on April 28, 1980 -- six days after denial of defendant's motion for new trial. Plaintiff then filed its notice of appeal on May 12,

1980, fifteen days after defendant had filed his notice of appeal and twenty-one days after the order of the trial court denying defendant's motion for a new trial.

The appellate rules of this Court are patterned, to a large extent, after the Federal Rules of Appellate Procedure. See Rule 1(d), Rules of Appellate Procedure of the District Court for the Northern Mariana Islands. Thus, in interpreting the local rules, this Court does look to the federal appellate rules for guidance in discerning what the purpose is behind a particular rule.

The Court believes that the purpose of the second sentence found in Rule 4(a) is to give parties time in addition to the 30-day period in which to file their notice of appeal, in the event, for example, that the first notice of appeal was filed on the twenty-ninth or thirtieth day or during the waning moments of the 30-day period. The drafters of the Rules of Appellate Procedure in the District Court for the Northern Mariana Islands did not, and this Court so finds, intend to allow one party, by early filing of the notice, to cause to shorten the time (i.e., 30 days) in which another party may file its notice of appeal. This is evident by the use of the mandatory word "shall" in the first sentence of Rule 4(a).

Rule 4(a)(3) of the Federal Rules of Appellate Procedure also sheds light to the question of whether or not the fourteen day period found in Rule 4(a) of the local appellate rules was meant to be a saving grace period to the 30-day period for filing of the first notice of appeal. The federal appellate rule avoids the confusion that is found in the local rule by adding the phrase "whichever period last expires." Therefore, under the federal appellate rule, if a party files the first notice of appeal on the first day after entry of judgment, another party who wishes to file its notice would have the remaining twenty-nine days to file their notice of appeal from the day of the entry of the judgment, and not the shorter period of fourteen days from the day the first notice of appeal was filed.

Similarly in the instant case, the fact that defendant filed his notice of appeal on the sixth day after the order denying his motion for a new trial was entered would not necessarily cut off the thirty-day period allowed the plaintiff in which to file its notice of appeal.

Accordingly, for the reasons discussed above, the Court finds that plaintiff's notice of appeal was timely and defendant's motion to dismiss is therefore DENIED.

IT IS SO ORDERED.

DATED:  Saipan, Northern Mariana Islands this _____ day of JANUARY, 1981.

ALFRED LAURETA,
Judge, Appellate Division